UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

CHARLES JOHNSON,
individually,

    Plaintiff,

vs.                                          Case No. 4:10-CV-570-SPM/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

    Defendant.

_____/

## FIRST AMENDED COMPLAINT

**with**

## JURY DEMAND

    1.    This is an action for declaratory and injunctive relief, and nominal damages, alleging that Defendant Florida Department of Corrections (FDOC) in violation of the Americans with Disabilities Act and the Rehabilitation Act, has deprived Plaintiff Charles Johnson of the enjoyment and benefits of being able to listen to the television and radio solely as a result of his status as deaf and/or hard of hearing. Plaintiff seeks declaratory and injunctive relief, and nominal damages.

**Jurisdiction and Venue**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws, and/or treaties of the United States.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiff by the Constitution, laws, and/or treaties of the United States.

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1337, in that this is a civil action or proceeding arising under an Act of Congress regulating commerce and/or protecting trade and commerce against restraints and monopolies.

5. Plaintiff's claims for relief are predicated, in part, on Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 12205, which authorizes the award of attorneys' fees and costs to a prevailing plaintiff in actions brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

6. Plaintiff's claims for relief are predicated, in part, on Section 504 of the Rehabilitation Act, and Section 505 of the Rehabilitation Act, 29 U.S.C. § 794a, which authorizes the award of attorneys' fees and costs to a prevailing plaintiff in actions brought pursuant to Section 504 of the Rehabilitation Act.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as Defendant FDOC is headquartered in the Northern District.

8. Plaintiff seeks a preliminary and permanent injunction pursuant to Rule 65, Federal Rules of Civil Procedure.

- 3 -

**Parties**

9.  Plaintiff, Charles Johnson, is an inmate confined at Tomoka Correctional Institution in Daytona Beach, Florida, a correctional facility owned and operated by Defendant FDOC. Mr. Johnson is totally deaf in one ear, and hard of hearing in the other and wears a hearing aid.

10. Plaintiff, Charles Johnson, exhausted his state administrative remedies, by use of the inmate grievance procedure, in an effort to be allowed to purchase an electronic device or devices that will allow him to hear the radio and television, so that he can understand the spoken words and/or information, when attempting to watch television or listen to the radio. To those ends, Mr. Johnson must be at an institution that transmits television audio over radio signals.

11. Defendant FDOC is an agency of the State of Florida, and subject to suit as a public entity under Title II of the Americans with Disabilities Act. Defendant FDOC was and is a recipient of federal funds at all times relevant, and is therefore subject to suit pursuant to Section 504 of the Rehabilitation Act.

12. Edwin Buss is Secretary of the FDOC.

13. Martie Taylor is the Americans with Disabilities Act Coordinator for the FDOC.

14. At all times material to this action, Edwin Buss and Martie Taylor were acting under color of state law and their actions constitute state action. Additionally, Defendant FDOC was and is a recipient of federal funds at all times relevant. Accordingly, Defendant FDOC is subject to suit pursuant to Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.

**Factual Allegations**

15.     Charles Johnson is a state prisoner currently incarcerated at Tomoka Correctional Institution (hereinafter "Tomoka") in Daytona Beach, Florida.  Mr. Johnson is totally deaf in one ear, and hard of hearing in the other and wears a hearing aid.

16.     Mr. Johnson cannot listen to AM/FM radio stations with the radios available through the prison canteen, because they are ineffective in accommodating his profound hearing loss.

17.     The FDOC formerly made available through the canteen for purchase a higher decibel radio, but after the canteen vendor eliminated the radio, the FDOC made no attempt to find a replacement radio, which deaf and/or hard of hearing inmates could purchase.

18.     There is certain electronic equipment, which would allow Mr. Johnson to hear the radio.  It would be reasonable for the FDOC to allow Mr. Johnson to purchase such equipment.

19.     Mr. Johnson has requested a reasonable accommodation, namely the ability to purchase a radio and other necessary devices that would allow him to hear the radio.  To those ends, Mr. Johnson must be at an institution that transmits television audio over radio signals.  Mr. Johnson has also grieved the issue and fully exhausted his administrative remedies.

20.     To date, Defendant has not provided Mr. Johnson with such a reasonable accommodation.

21.     Mr. Johnson was previously housed at Polk Correctional Institution (hereinafter "Polk"), where the television audio was transmitted through radio signals.  Had the FDOC provided Mr. Johnson with the requested reasonable accommodation while Mr. Johnson was housed at Polk, Mr. Johnson would have been able to hear both the television and radio.

22. After attempting to become a named class representative in a related case filed by Felix Garcia, another inmate at Polk, Mr. Johnson was transferred to Tomoka, where the television audio is not transmitted through radio signals. Mr. Johnson is incapable of hearing the television audio that comes out of the television at Tomoka.

23. Additionally, not all stations and programs have closed-captioning; Mr. Johnson has a difficult time reading the closed-captioning when available; and sometimes the words come across garbled.

24. Non-deaf and/or hard of hearing inmates under FDOC supervision have ready access to television and radio. Mr. Johnson is being denied the ability to listen to the television and radio, because the FDOC is refusing to provide him with a reasonable accommodation, namely, the ability to purchase a radio and other necessary devices that would allow him to hear the radio, and to be assured that he will be housed at an institution that transmits television audio over radio signals.

25. By refusing to provide Mr. Johnson with a reasonable accommodation, the Defendant has been deliberately indifferent to Mr. Johnson's need for an accommodation, thereby discriminating against him.

26. Mr. Johnson has suffered emotional and mental distress, humiliation, shame, degradation, and the violation of his statutory rights as a result of Defendant's actions. Therefore, Mr. Johnson has been damaged as a result of the Defendant's wrongs alleged herein.

27. Accordingly, Mr. Johnson is in need of judicial intervention in order to be free from discrimination, and to enjoy the benefits and services available to non-disabled inmates, namely, the ability to watch and listen to television and radio; and to be compensated for his damages.

### Count One – Violations of Title II of the American with Disabilities Act

28.     Plaintiff repeats and realleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29.     This Count One is a claim for violations of Title II of the Americans with Disabilities Discrimination Act, 42 U.S.C. § 12101 *et seq.*, (hereinafter the "ADA"), which provides in pertinent part at 42 U.S.C. § 12132:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

Title II of the Act prohibits, among other things:

- limiting a qualified individual's enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service of a public entity; and

- subjecting a qualified individual to discrimination under any program or activity conducted by a public entity.

28 C.F.R § 35.130.

30.     Plaintiff is disabled as defined at 42 U.S.C. § 12102(1) and are "qualified individuals" as defined at 42 U.S.C. § 12131(2), as they are hard of hearing and/or deaf.

> "Qualified Individual" means an individual with a disability who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the entity (with or without regard to any auxiliary aids or modifications).

42 U.S.C. § 12131(2).

31.     The FDOC is a public entity that has violated Title II of the ADA.

32.     FDOC's prison at Tomoka Correctional Institution is a facility, and its operation comprises a program and service for purposes of Title II of the ADA.

{07034474;2}

33. Defendant acknowledged that its agents and employees were authorized to act for it when they committed the ADA violations alleged herein. Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when they committed the ADA violations alleged herein. Defendant had control over its agents and employees when they committed the ADA violations alleged herein.

34. The ADA violations alleged herein and committed by Defendant, its agents, and employees were done while acting within the course and scope of their employ and/or agency with FDOC. Thus, Defendant is liable and/or vicariously liable for the ADA violations alleged herein.

35. Plaintiff alerted Defendant of his need for a reasonable accommodation.

36. Defendant knew and/or should have known of Plaintiff's need for a reasonable accommodation.

37. Defendant acted intentionally and/or with deliberate indifference to Plaintiff's need for a reasonable accommodation by, among other things:

    A. failing and intentionally refusing to authorize the purchase of the devices Plaintiff requested when such equipment was necessary to reasonably accommodate Plaintiff's disabilities;

    B. failing and intentionally refusing to investigate into what accommodation for Plaintiff's disabilities would have been reasonable;

    C. failing and intentionally refusing to reasonably accommodate Plaintiff's serious disability; and

    D. transferring Plaintiff to an institution which does not transmit the television audio on radio signals.

WHEREFORE, on this Count One, Plaintiff demands the following relief:

  A. a judgment declaring that Defendant has discriminated against Plaintiff in violation of Title II of the Americans with Disabilities Act;

  B. a preliminary and permanent injunction enjoining Defendant, its successors in office, its agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of violating the ADA and requiring Defendant to immediately adopt a plan, policy, practice, and/or procedure that will accommodate the needs of Plaintiff by providing him with an opportunity to purchase an approved electronic device or devices that will allow him to hear the radio and television, so that he can understand the spoken words and/or information when attempting to watch television or listen to the radio;

  C. a preliminary and permanent injunction enjoining Defendant from taking approved equipment away from Plaintiff, once Plaintiff is afforded the opportunity to purchase approved equipment that will allow him to hear the television and radio;

  D. a preliminary and permanent injunction requiring Defendant to transfer Plaintiff to an institution which transmits the television audio on radio signals or begin such a practice at Tomoka;

  E. a preliminary and permanent injunction enjoining Defendant from transferring Plaintiff to an institution where television audio is not transmitted on radio signals;

  F. an award of nominal damages for, among other things, being deprived of statutory rights, and the emotional and mental distress, humiliation, shame, and degradation caused by Defendant's discriminatory actions;

G. an award of attorneys' fees, expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and

H. such other relief as the Court may deem equitable and just under the circumstances.

## Count Two – Violations of the Rehabilitation Act

38. Plaintiff repeats and realleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

39. This Count Two is a claim by Plaintiff for violations of Section 504 of the Rehabilitation Act (hereinafter the "Rehabilitation Act").

40. Plaintiff is disabled, as he is hard of hearing and/or deaf.

41. Plaintiff is a "qualified individual."

42. The FDOC is and was a recipient of federal funds, and is therefore subject to suit under the Rehabilitation Act.

43. Defendant's prison at Tomoka Correctional Institution is a facility, and its operation comprises a program and service for purposes of the Rehabilitation Act.

44. Defendant acknowledged that its agents and employees were authorized to act for it when it committed the Rehabilitation Act violations alleged herein. Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when they committed the Rehabilitation Act violations alleged herein. Defendant had control over its agents and employees when they committed the Rehabilitation Act violations alleged herein.

45. The Rehabilitation Act violations alleged herein and committed by Defendant, its agents, and employees were done while acting within the course and scope of their employ

and/or agency with FDOC. Thus, Defendant is liable and/or vicariously liable for the Rehabilitation Act violations alleged herein.

46. Plaintiff alerted Defendant of his need for a reasonable accommodation.

47. Defendant knew and/or should have known of Plaintiff's need for a reasonable accommodation.

48. Defendant acted intentionally and/or with deliberate indifference to Plaintiff's need for a reasonable accommodation by, among other things:

    A. failing and intentionally refusing to authorize the purchase of the devices Plaintiff requested when such equipment was necessary to reasonably accommodate Plaintiff's disabilities;

    B. failing and intentionally refusing to investigate into what accommodation for Plaintiff's disabilities would have been reasonable;

    C. failing and intentionally refusing to reasonably accommodate Plaintiff's serious disability; and

    D. transferring Plaintiff to an institution which does not transmit the television audio on radio signals.

WHEREFORE, on this Count Two, Plaintiff requests that the Court:

    A. enter judgment declaring that the Defendant has discriminated against Plaintiff in violation of Title II of the Americans with Disabilities Act;

    B. enter a preliminary and permanent injunction enjoining Defendant, its successors in office, its agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of violating the Rehabilitation Act and requiring Defendant to immediately adopt a plan, policy, practice,

and/or procedure, which will accommodate the needs of Plaintiff by providing him with an opportunity to purchase an approved electronic device or devices that will allow him to hear the radio and television, so that he can understand the spoken words and/or information when attempting to watch television or listen to the radio;

    C.    enter a preliminary and permanent injunction enjoining Defendant from taking approved equipment away from Plaintiff, once Plaintiff is afforded the opportunity to purchase approved equipment that will allow him to hear the television and radio;

    D.    enter a preliminary and permanent injunction requiring Defendant to transfer Plaintiff to an institution which transmits the television audio on radio signals or begin such a practice at Tomoka;

    E.    enter a preliminary and permanent injunction enjoining Defendant from transferring Plaintiff to an institution where television audio is not transmitted on radio signals;

    F.    award of nominal damages for, among other things, being deprived of statutory rights, and the emotional and mental distress, humiliation, shame, and degradation caused by Defendant's discriminatory actions;

    G.    award Plaintiff his attorneys' fees, expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and

    H.    grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Joshua A. Glickman, Esq.
Florida Bar No. 43994
Shawn A. Heller, Esq.
Florida Bar No. 46346
Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
E-mail: *JGlickman@FloridaJusticeInstitute.org*
E-mail: *SHeller@FloridaJusticeInstitute.org*

Sharon Caserta, Esq.
Fla. Bar No. 0023117
Deaf/Hard of Hearing Legal Advocacy Program
Jacksonville Area Legal Aid, Inc.
126 W. Adams Street
Jacksonville, Florida 32202
904-353-1320 (V/TTY)
904-356-8285 (FAX)
*sharon.caserta@jaxlegalaid.org*

Attorneys for the Plaintiff

By:  s/*Randall C. Berg, Jr.*
Randall C. Berg, Jr., Esq.
Florida Bar No. 318371

{07034474;2}

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Randall C. Berg, Jr.*
Randall C. Berg, Jr.

## SERVICE LIST
*Johnson vs. Florida Department of Corrections*
Case No. 4:10-cv-570-SPM/WCS
United States District Court, Northern District of Florida

**By CM/ECF**
Jonathan Sanford, Esq.
Susan A. Maher, Esq.
Assistant Attorneys Generals
Dept. of Legal Affairs
PL 01, The Capitol
Tallahassee, FL 32311
850/414-3300
Fax: 850/488-4872
Email: Susan.Maher@myfloridalegal.com
Jonathan.Sanford@myfloridalegal.com

Attorneys for the Defendant

{07034474;2}